[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR MEDICAL EXAMINATION (#127)
Plaintiff seeks damages for personal injuries allegedly sustained in a motor vehicle accident that occurred on August 12, 1992. In April of 1998, the defendant made a request for medical examination by Dr. MacEllis Glass, to which request the plaintiff's objection was sustained by Judge O'Keefe. On July 24, 1998 the defendant again requested a medical examination, this time by Dr. Peter Barnett, an orthopaedic surgeon. The plaintiff has objected to this examination as well on the basis that "an examination by Dr. Barnett would not be an independent medical examination, because Dr. Barnett is regularly engaged in examining personal injury plaintiffs on behalf of defendants, and workers compensation claimants on behalf of respondents." The objection originally appeared on the non-arguable short calendar of Judge Zoarski, who requested that the matter be assigned for oral argument. On the date that it was so assigned, Judge Zoarski was unavailable, and the matter was referred to the undersigned.
The undersigned disclosed on the record to counsel for both parties that Dr. Barnett is a personal friend and that he has also seen Dr. Barnett professionally. The parties agreed that this was not a basis for disqualification, and, indeed, the parties agreed that the motion did not in any way attack Dr. Barnett's competence as a physician. The only question raised was whether the grounds asserted by the plaintiff, namely that Dr. Barnett's alleged history of performing medical examinations on behalf of insurers in personal injury litigation, was a sufficient good faith basis for the plaintiff's objection.[1]
Although this is an issue which arises with some frequency, CT Page 11468 there is no solid appellate guidance. A number of trial court cases, however, support the plaintiff's point of view, at least under circumstances where the plaintiff provides a list of qualified physicians by whom he or she would be willing to be examined. See Fabozzi v. National Railroad Passenger Corp., 3 Conn. Super. 899 (1998) (Corradino, J); Rosenfield v. Milner'sCafe, CV-89 368762, 10 CONN. L. RPTR. 454, 1993 WL 512512 (Conn.Super. November 29, 1993) (Corradino, J); Dittman v.Spotten, 21 CONN. L. RPTR. No. 12, 414 (May 4, 1968) (Hurley, J).
A court needs to balance, on the one hand, the statutory right to object in writing to examination by a physician which is contained in General Statutes § 52-178a (as well as practice Book § 13-11) with, on the other hand, the need to prevent frustration of appropriate discovery efforts by permitting plaintiffs to object to any physician suggested by the defense without a good faith reason. In this case, the undersigned performs that balancing act by sustaining the plaintiff's objection and ordering that she be examined by any of the physicians listed by the plaintiff, the choice among whom may be made by the defendant.
In reaching this conclusion, this court rejects the notion that as a matter of law, a physician cannot perform an "independent medical examination" if he or she regularly performs medical evaluations of plaintiffs at the behest of defendants and/or their insurers. In light of the fact that the parties have agreed that Dr. Barnett is a competent physician, the mere fact that insurers may seem to believe that he is conservative in his evaluation of disability does not render his judgment any less independent, and the plaintiff has offered no reason for the undersigned to believe that Dr. Barnett would state anything other than his sincerely held medical judgment merely because one side or another is paying him for it.
The plaintiff has effectively, indeed forcefully, stated her concern that examination by Dr. Barnett will undermine the value of her case. Standing alone, this would not be a sufficient basis for objection. The court must, however, consider the general authority given to plaintiffs to decline examination by a named physician, which authority has not yet been abused in this case,[2] along with the fact that the plaintiff has suggested ten well-qualified local (New Haven, North Haven and Hamden) practitioners to whom she would not object. Under these circumstances, the balance in this case is best struck by CT Page 11469 sustaining the objection and ordering that the examination be conducted by one of the well-qualified physicians suggested by the plaintiff. The defendant may choose any of them to conduct the examination in an effort to obtain an independent evaluation of her injuries.
For all of these reasons, the plaintiff's objection is sustained, provided, however, that the plaintiff must reasonably make herself available for examination by the physician chosen by the defendant from the list of physicians to which she has indicated that there will be no objection.
Jonathan E. Silbert, Judge